(September 19, 2006)

■ Donovan Bezer, Appellant, v City of New York et al., Respondents. [821 NYS2d 550]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 5, 2005, which, inter alia, granted defendants' motion for summary judgment to the extent of dismissing plaintiff's claims for the alleged wrongful seizure

and sale of his vehicle and transferred his lost property claim to Civil Court, unanimously affirmed, without costs or disbursements.

This action challenging defendants' seizure of plaintiff's vehicle to satisfy judgments rendered in connection with unpaid parking tickets, commenced more than four months after the vehicle was seized, is untimely. While plaintiff's notice of claim identified the claim as one "to recover damages for the conversion and/or trespass to chattel and/or embezzlement and/or unauthorized sale and/or unauthorized destruction of the personal property of Claimant," it is clear from the record that his claims are those properly brought in a CPLR article 78 challenge to an administrative determination, which is subject to a four-month statute of limitations (CPLR 217). As the Supreme Court held, "plaintiff is attempting to use a plenary action at law to collaterally attack the underlying judgments and defendants' decision to levy on plaintiff's property to satisfy such outstanding judgments." Plaintiff's reliance on the City's statements in the letters of July 19 and July 29, 2002, respectively acknowledging and disallowing his claim, that if he wished to pursue the claim, he could "bring a lawsuit against the City if it is started within one year and ninety days from the date of the occurrence," is misplaced. Plaintiff misidentified this challenge to an administrative determination as a tort claim, and should not be heard to complain that the City lulled him into allowing the limitations period to run. We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.